# UNITED STATES DISTRICT COURT WESTERN DISTRICT OF WASHINGTON AT TACOMA

**UNITED STATES OF AMERICA,**
          Plaintiff,

v.

**MARTIN GONZALEZ-JIMENEZ,**
          Defendant.

Case No. CR 18-5579-RBL-28

**DETENTION ORDER**

THE COURT, having conducted a detention hearing pursuant to 18 U.S.C. Sect. 3142, finds that no condition or combination of conditions which defendant can meet will reasonably assure the appearance of the defendant as required and/or the safety of any other person and the community.

This finding is based on 1) the nature and circumstances of the offense(s) charged, including whether the offense is a crime of violence or involves a narcotic drug; 2) the weight of the evidence against the person; 3) the history and characteristics of the person including those set forth in 18 U.S.C. Sect. 3142(g)(3)(A)(B); and 4) the nature and seriousness of the danger release would impose to any person or the community.

*Findings of Fact/ Statement of Reasons for Detention*

**Presumptive Reasons/Unrebutted:**
( )     Conviction of a Federal offense involving a crime of violence. 18 U.S.C. Sect. 3142(f)(A)
( )     Potential maximum sentence of life imprisonment or death. 18 U.S.C. Sect. 3142(f)(B)
( X )     Potential maximum sentence of 10+ years as prescribed in the Controlled Substances Act (21 U.S.C. Sect. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. Sect. 951 et seq.) Or the Maritime Drug Law Enforcement Act (46 U.S.C. App. 1901 et seq.)
( )     Convictions of two or more offenses described in subparagraphs (A) through (C) of 18 U.S.C. Sect. 3142(f)(1) of two or more State or local offenses that would have been offenses described in said subparagraphs if a circumstance giving rise to Federal jurisdiction had existed, or a combination of such offenses.

**Safety Reasons:**
( X )     Danger of instant offense

**Flight Risk/Appearance Reasons:**
( X )     Defendant is a Mexican citizen who has been traveling from the United States to Mexico more than 90 times in the past year, and has significant family ties to Mexico
( X )     Lack of any ties to the Western District of Washington, and no specific plan for a stable residence pending trial

The defendant has produced information but it was of little weight; the Court finds the defense did not meet the burden of production. The defendant has not produced sufficient information regarding any proposed way to mitigate the risk of flight or the risk of danger to others and danger to the community. Although Mr. Gonzalez Jimenez was a lawful permanent resident of the United States, and conducted a business in this country, his frequent trips to and from Mexico show that he is able and often does cross the border. He also has many family ties in Mexico, and so his family would be able to support him if he were to flee.

The United States met its burden of persuasion to show that:

By a preponderance of the evidence, there is a substantial risk that the defendant would flee or not appear. The defendant has previously lived in Arizona and in Mexico, yet he often lived in his truck while on the road doing business, and has no specific place to live in the Western District of Washington. Under these circumstances, there is a serious risk of flight – the defendant would be at risk to hide with his family and disappear to Mexico in order to avoid detection and prosecution within the United States.

The government has also met its burden by clear and convincing evidence to show that the defendant poses an extreme level of risk of dangerousness due to the circumstances of the current offense. According to the

government's memorandum supporting the motion for detention, a large amount of heroin was allegedly found in the defendant's truck at the time of arrest. And, law enforcement allegedly intercepted communications where the defendant was in contact with one or more of the other defendants in this case. Also, law enforcement allegedly observed the defendant delivering drugs in his truck (and apparently using his business), to work with the drug conspiracy by delivering large amounts of heroin and other controlled substances.

The Court is convinced there is no condition, nor a combination of conditions, sufficient to assure that the defendant would appear for court as required, or that the defendant would not pose a serious risk of danger to others and to the community.

*Order of Detention*

- **The defendant shall be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.**
- **The defendant shall be afforded reasonable opportunity for private consultation with counsel.**
- **The defendant shall on order of a court of the United States or on request of an attorney for the Government, be delivered to a United States Marshal for the purpose of an appearance in connection with a court proceeding.**

**December 28, 2018**

*[signature: Theresa L. Fricke]*

Theresa L. Fricke
United States Magistrate Judge